## The State v. John A. Littlefield.

The correction by the certifying officer of an inferior Court of an error in the copy of a case filed by an appellant in the Superior Court, is warranted by established usage, and is no sufficient ground for granting a new trial.

A defendant's admissions, unless obtained by improper means, the State is entitled to use against him, in any case, the evidence being relevant.

This was a motion for a new trial of an appeal from a judgment of guilty rendered by the Court of Magistrates of the city of Providence, on the 11th of November, 1854, upon a complaint for selling or suffering to be sold strong liquors contrary to law, on the 10th of June, 1854, and on divers other days between that day and the 15th day of June. The motion was grounded upon alleged misrulings of the presiding Justice of the Court of Common Pleas (Staples) to which the defendant filed exceptions, two in number as follows:—" 1. Because the copy of the papers of the original case in the Court of Magistrates of the City of Providence, certified by William Sandford, clerk of said Court, to be a true and correct copy of the originals on file, was altered in this Court, by inserting the name of John B. Fuller, in place of Jabez J. Potter, as the person making oath to the complaint. 2. Because a conversation between the defendant and Edward P. Knowles, mayor of the city of

The State *v.* John A. Littlefield.

Providence, and William H. Hudson, city marshal, in relation to another complaint, and in which said Littlefield, among other things, admitted that he had sold liquors before the time mentioned in the complaint, was allowed to be put in evidence before the Jury, although objected to by the defendant's counsel."

*William Knowles* in support of the motion.

*Robinson, Attorney General*, for the State, the Court declined hearing in reply.

STAPLES, C. J.—The alteration in the copy to which exception was taken, was made by the clerk who made the same, after comparison with the original papers before the Court. It was simply the correction of an error made by the clerk, in his copy. Such amendments have been frequently allowed, both in civil and criminal cases. The whole effect of them is to relieve the appellant from difficulties and doubts resulting from the misprision of the clerk.

The admissions of defendants in criminal matters have always been held as evidence against them, unless obtained by some improper means. It does not appear that any such improper means were used in this case. If the admission is of a fact, it makes no difference whether made in view of this prosecution or of some other, or of none at all. The State has a right to use it in any case where it is relevant.

*Exceptions overruled.*